UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

JOSHUA HANDVERGER,          :
                            :
         Plaintiff,         :
                            :
     v.                     :       File No. 1:08-CV-246
                            :
CITY OF WINOOSKI and        :
J. WILLIAM O'BRIEN, ESQ.,   :
                            :
         Defendants.        :
_____ :

RULING ON PENDING MOTIONS
(Papers 6, 21)

I. Introduction

Plaintiff Joshua Handverger initiated this lawsuit in the Chittenden Superior Court on October 28, 2008. On November 14, 2008, defendant City of Winooski filed a Notice of Removal with this Court on the grounds plaintiff's complaint included a federal claim. See 28 U.S.C. § 1441(b). Following removal to this Court, plaintiff filed an amended complaint (Paper 3) on November 18, 2008. The amended complaint seeks various forms of relief including: (1) violation of the City of Winooski's Charter; (2) certiorari and mandamus under Vermont Rule of Civil Procedure 75; (3) violation of Vermont's Fair Employment Practices Act; (4) violation of an employment contract and implied covenant of good faith; (5) defendant O'Brien's breach of fiduciary duties; and, (6) relief under the federal civil rights act.

1

Prior to removal to this court, plaintiff had also filed a Motion For Extraordinary Relief Under V.R.C.P. 75, Relief Under The Vermont Fair Employment Practices Act, And/Or Relief Under The Federal Civil Rights Act (Paper 6) which was subsequently opposed by defendant City of Winooski (Paper 18). In plaintiff's reply, he includes a section suggesting the court abstain from taking jurisdiction and remand the matter to state court. (Paper 19 at 3.)

In a February 6, 2009 Order, the Court requested further briefing on the abstention issue which the parties responded to. (Papers 25, 26.) Also pending is plaintiff's January 15, 2009 Motion for Relief from Discovery Schedule Requirements (Paper 21).

II. Background

Plaintiff brought this action after the Winooski City Council removed him from the office of City Manager. On October 3, 2007, Plaintiff began a three-year term as City Manager under an employment agreement of the same date. On September 22, 2008, the City Council voted 3-2 to place plaintiff on paid administrative leave and terminate him effective September 30, 2008. Plaintiff could request a public hearing regarding the termination by Sunday, September 28, 2008. On September 27, plaintiff requested a hearing as well as production of documents, the right to question City Council members, and issuance of subpoenas to witnesses. On September 28, the City Attorney,

2

William O'Brien -- also a defendant in this action -- notified plaintiff the hearing would be held on Tuesday, September 30.

On September 30, plaintiff objected to the hearing and the City responded it would reschedule the hearing "without prejudice to the legal status quo of the parties" as of that date. (Paper 18 at 2.) Plaintiff did not respond and on September 30, the City Council voted -- again 3-2 -- to reaffirm its September 22, 2008 vote. Plaintiff was not present at the hearing; he was in Massachusetts celebrating the Jewish holiday of Rosh Hashanah with family.

The parties dispute whether the controlling document governing termination is the October 3, 2007 employment agreement -- which provides for termination without cause during the first year -- or the City Charter -- which contains a removal procedure, including the requirement the public hearing be held not earlier than fifteen days or later than thirty days after a request. Further, Vt. Stat. Ann. tit. 24, § 1234, allows selectmen to remove a town manager "at any time for cause."

The parties dispute the Court's role in dealing with the issues. Plaintiff argues for essentially appellate review of the City Council's actions confined to questions of law based on the record of the proceedings before the City Council without discovery. (Paper 6 at 1.) The City argues plaintiff's motion for extraordinary relief is essentially "a premature motion for

summary judgment without any opportunity for discovery."
(Paper 18 at 3.)

III. Analysis

The action was properly removed to federal court since plaintiff's complaint included a claim for a violation of 42 U.S.C. § 1983, the federal civil rights act. 28 U.S.C. § 1331 (federal courts have original jurisdiction over claims brought under federal statutes); 28 U.S.C. § 1441(b). Section 1441(c) authorizes removal of otherwise non-removable state law issues if they are joined with claims over which a federal court has original jurisdiction.

The parties have not briefed whether this Court should exercise supplemental jurisdiction over the state law claims in this case under 28 U.S.C. § 1367. The Court, however, has an independent obligation to examine its jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). The Court may examine sua sponte whether to extend supplemental jurisdiction over plaintiff's state claims under 28 U.S.C. § 1367. See SST Global Tech., LLC v. Chapman, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) (addressing supplemental jurisdiction under § 1367 sua sponte). Because "the statute fairly exudes deference to judicial discretion," Diven v. Amalgamated Transit Union Int'l & Local 689, 38 F.3d 598, 601 (D.C. Cir. 1994), the decision is made in the Court's discretion. See Montano v. City of Chicago, 375 F.3d 593, 601 (7th Cir. 2004) (reviewing district court's

refusal to exercise supplemental jurisdiction for abuse of discretion).

Under 28 U.S.C. § 1367(a), the Court has jurisdiction to hear issues "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Id.  Because the federal and state claims arise from plaintiff's removal as City Manager, they all appear to be part of the same case or controversy.

The ability to assert jurisdiction "need not be exercised in every case in which it is found to exist [because supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Accordingly, § 1367(a) provides for exceptions listed in § 1367(c) which authorize district courts to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, . . . or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  Id.

A district court may decline to exercise supplemental jurisdiction over state law claims depending on such factors as the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims.  City of

Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997). A district court should also consider whether the principles of judicial economy, convenience, fairness, and comity are best served by exercising supplemental jurisdiction. Id. (internal citation omitted). The determination of whether state claims "'substantially predominate' over the federal [does] not . . . admit[] to a mechanistic application." Diven, 38 F.3d at 601. State law issues may predominate in terms of proof, scope of the issues raised, or comprehensiveness of remedies sought. SST Global Tech., 270 F. Supp. 2d at 456.

The Court finds remanding plaintiff's state law claims is appropriate. As the Supreme Court has noted, "to say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims for on-the-record review of administrative decisions does not mean [] jurisdiction must be exercised in all cases." City of Chicago, 522 U.S. at 172. The bulk of plaintiff's amended complaint and Vt. R. Civ. P. 75 motion are based on state law and are more suited for analysis and resolution by a state court. The state law issues dominate and are more salient in the case as a whole than the lone federal claim. See Nelson v. City of Rochester, 492 F. Supp. 2d 282, 289 n.3 (W.D.N.Y. 2007) ("'[w]here the state claims constitute the real body of a case to which federal claims are an appendage, declining jurisdiction [] is appropriate to prevent a situation wherein permitting litigation of all claims

6

in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'") (internal citation omitted); see also City of New Rochelle v. Town of Mamaroneck, 111 F. Supp. 2d 353, 370 (S.D.N.Y. 2000) (refusing to exercise supplemental jurisdiction, noting "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law") (internal quotation and citation omitted).

Reviewing the local determination to remove plaintiff as City Manager is best left to the state court.[1] See City of Chicago, 522 U.S. at 174 (noting, in proper circumstances, a district court should decline to review local administrative determinations even if the jurisdictional prerequisites are satisfied). This Court has not expended significant resources and the parties have apparently not engaged in discovery.[2] Prior

---

[1] Even if the state claims did not substantially predominate, the Court declines to exercise supplemental jurisdiction under § 1367(c)(1) and (4). The state law issues in this case are unique and complex and ultimately may require an interpretation by the Vermont Supreme Court. Also, litigating plaintiff's claims in federal court would disrupt adjudication of the state claims and prolong and complicate the proceedings. See, e.g., Carlucci v. United States, 793 F. Supp. 482, 485-86 (S.D.N.Y. 1992).

[2] The parties dispute whether discovery on the state law claims is necessary. Compare Paper 19 at 1 (plaintiff "is entitled to [] relief without discovery") with Paper 18 at 3 ("this 'motion' appears to be a premature motion for summary judgment without any opportunity for discovery"). See also Papers 21-23.)

to removal, the state court was prepared to hear oral argument on the Rule 75 motion. See Dkt. No. 11.

The Court finds, for the reasons stated above, the state law claims substantially predominate and therefore declines to exercise supplemental jurisdiction over them under § 1367(c)(2). The state law claims are remanded to the state court from which they were removed. See Novak v. MetroHealth Med. Ctr., 503 F.3d 572, 583 (6th Cir. 2007) (reversing dismissal of state law claims because the district court should have remanded the claims to the state court from which they were removed).

Further, the Court stays the federal claim -- including discovery -- pending resolution of plaintiff's state law claims. Montano, 375 F.3d at 602 (noting "the appropriate procedural mechanism when deferring to a parallel state-court proceeding is a stay"). An order staying an action "does not constitute abnegation of judicial duty . . . it is a wise and productive discharge of it. There is only postponement of decision for its best fruition." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996). Staying the federal claim will serve the interests of comity and judicial economy, and avoid the risk of inconsistent adjudications. See Nelson, 492 F. Supp. 2d at 288.

IV. Conclusion

The Court declines to exercise supplemental jurisdiction under § 1367(c)(2). Accordingly, the state law claims are remanded to Chittenden Superior Court. The remaining federal

8

claim is stayed.  Plaintiff's Motion for Extraordinary Relief (Paper 6) is DENIED as moot.  Plaintiff's discovery motion (Paper 21) is DENIED without prejudice to refile if necessary.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 3rd day of June, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge